**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER, Nevada Bar No. 7332
Email: mfeder@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009

DANIEL S. SILVERMAN (Admitted Pro Hac Vice)
**VENABLE LLP**
Email: dssilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Tel: (310) 229-0373
Fax: (310) 229-9901

MEAGHAN H. KENT (Admitted Pro Hac Vice)
**VENABLE LLP**
Email: MHKent@venable.com
600 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300

*Attorneys for Plaintiff/Counter-Defendant*
*T.R.P. Company, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| T.R.P. Company, Inc., | CASE NO: 2:17-cv-02197-JCM-CWH |
| Plaintiff/Counter-Defendant, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | |
| Similasan AG and Similasan Corporation. | |
| Defendants/Counter-Claimants. | |



Pursuant to Federal Rule of Civil Procedure 26(c), T.R.P. Company, Inc., Similasan Corporation, and Similasan AG (individually, a "Party" and jointly, the "Parties"), by and through their respective counsel of record, hereby submit this stipulated protective order and request entry thereof.

**I.     Intent of Agreement**

1. This agreement is referred to herein as the "Stipulation." The Parties anticipate exchanging and filing with the court information a Party or any other person considers to be Confidential or Highly Confidential Information – Attorneys' Eyes Only in this litigation. The Parties wish to agree on methods of protecting such information from disclosure.

2. Notwithstanding any provision in this Stipulation seemingly to the contrary, no Party concedes that any information designated by any other Party or other person as "Confidential" or "Highly Confidential" does in fact contain or reflect Confidential or Highly Confidential Information – Attorneys' Eyes Only. Furthermore, the failure of a Party to contest another Party or other person's designation of information as "Confidential" or "Highly Confidential" under this Stipulation shall not operate as a concession or an admission that such information does in fact contain, reflect, or otherwise constitute Confidential or Highly Confidential Information – Attorneys' Eyes Only. However, information designated as "Confidential" or "Highly Confidential" shall be handled in accordance with terms of this Stipulation.

**II.    Definitions**

3. "Confidential Information" is information whose disclosure might injure a Party's or other person's business interests including, without limitation, non-public financial information, research information, marketing, strategic, or other future planning information, contracts, internal communications, customer or supplies lists, or other commercially sensitive information. "Confidential Information" also includes personal identifying information such as Social Security numbers or birth dates.



4. "Designating Party" is a Party or that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only.

5. "Highly Confidential Information – Attorneys' Eyes Only" means that subset of "Confidential Information" as defined in paragraph 3 above that includes the most sensitive information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means including but not limited to the following: (1) financial information such as pricing, costs, profits, and revenues; (2) strategic and business plans, including but not limited to information relating to business acquisitions and related due diligence materials; (3) contracts and licenses with third parties and all related agreements and negotiation materials; and (4) such other documents, information, or materials that the producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing Party.

6. "Document" shall include any written, typed, or printed matter of any kind, sound recordings, electronic data and other electronically-stored information, photographs, video, or any other information contained in a fixed or electronic media.

7. "Party" shall mean, individually, T.R.P. Company, Inc., Similasan Corporation and Similasan AG and any other person who specifically adopts this "Stipulation" with the written consent of all other signatories to the Stipulation at the time of such adoption.

8. "Parties" shall mean collectively every "Party."

9. "Person" means any natural person or entity other than a Party.

10. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors

///

///

///



### III. Use and Disclosure of Confidential and Highly Confidential Information – Attorneys' Eyes Only

11. Confidential and Highly Confidential Information – Attorneys' Eyes Only shall only be used for the instant litigation and any appeals thereof, as further restricted herein. Confidential and Highly Confidential Information – Attorneys' Eyes Only shall not be used for any business or other purposes whatsoever by a recipient. Confidential and Highly Confidential Information – Attorneys' Eyes Only shall not be disclosed by the recipient to anyone other than as permitted in this Stipulation.

12. This Stipulation does not apply to information that becomes generally available to the public through voluntary disclosure by the Party or other person whose information is disclosed or through other lawful and proper means. Nothing in this Stipulation shall restrict the use or disclosure by a Party or other person of its own Confidential or Highly Confidential Information – Attorneys' Eyes Only or of Confidential or Highly Confidential Information – Attorneys' Eyes Only that has been designated as such only by the Party or other person using or disclosing such Confidential or Highly Confidential Information – Attorneys' Eyes Only.

### IV. Marking Confidential and Highly Confidential Information – Attorneys' Eyes Only

13. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

14. Documents and other media deemed by the disclosing Party in good faith as containing, reflecting, or otherwise constituting Confidential or Highly Confidential Information – Attorneys' Eyes Only shall be identified as follows:

    a. In the case of paginated Documents produced in discovery, designation shall be made by placing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the first page of the Document and each subsequent page.

    b. In the case of responses to interrogatories or requests for admission, such responses shall be separately marked "Confidential" or "Highly Confidential– Attorneys' Eyes Only."

    c. In the case of depositions, designation of any portion of any transcript (including exhibits not previously marked for confidentiality) deemed to contain Confidential or Highly Confidential Information – Attorneys' Eyes Only shall be made by placing on the record during the course of the deposition the appropriate designation or by notifying the Parties in writing within (30) days (or such other period as the Parties may agree to on the record or in writing) after the receipt of a final written transcript, specifying the pages and lines on which Confidential or Highly Confidential Information – Attorneys' Eyes Only is contained and designating such Confidential Information as "Confidential" or Highly Confidential Information – Attorneys' Eyes Only as "Highly Confidential – Attorneys' Eyes Only." **The use of a document as an exhibit at a deposition shall not in any way affect its designation as** "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    d. Where information deemed "Confidential" or "Highly Confidential" is produced in a format where labeling of pages is not practical (e.g., native formats, databases, and the like), the file names shall be changed to include the applicable but shortened confidentiality designation, "Conf.," or "Highly Conf.," along with the name of the file. Additionally, a label shall also be applied to the exterior of any media used in producing the information (such as DVDs or drives) bearing the full designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only."



e. Any filing or submission (or part thereof) in this litigation that includes, discloses, or excerpts Confidential or Highly Confidential Information – Attorneys' Eyes Only shall be made under seal. The Party making such filing or submission shall comply with the applicable federal and local rules, including L.R. IA 10-5, pertaining to filing under seal (including meeting the applicable burden for same) before making such filing. All information filed under seal shall be treated as Confidential or Highly Confidential Information – Attorneys' Eyes Only.

f. If the court refuses to allow the filing under seal of any filing or submission (or part thereof) that includes, discloses, or excerpts Confidential or Highly Confidential Information – Attorneys' Eyes Only, then the Party may file/refile as the court directs. A Party whose Confidential or Highly Confidential Information – Attorneys' Eyes Only is being filed then bears the burden to promptly take the steps it believes are necessary to protect such information (e.g., appeal, motion, etc.).

15. Confidential Information may only be disclosed to the following specifically identified Parties or other persons:

a. any Party, or any officers, directors, and employees of a Party, to the extent that counsel for such Party has a good faith basis to believe that the disclosure of such information to such officer, director, or employee is reasonably necessary to the Party's prosecution or defense of claims in this litigation and only after such person(s) signs the Agreement to Access Protected Information attached hereto as Exhibit A;

b. counsel to the Parties, including any in-house counsel and paralegal, clerical, and other personnel working under the supervision of the foregoing counsel;

c. retained independent experts whose expertise and training is required by the counsel to a Party to assist in this litigation and employees of such retained independent experts and only after such person(s) signs the Agreement to Access Protected Information attached hereto as Exhibit A;

d. deponents, trial witnesses, and any other person whom a Party's counsel in good faith determines may be a potential witness at deposition or trial, but only to the



extent reasonably necessary for that deponent's or witness's testimony. Confidential Information disclosed under this subparagraph 15(d) may not to be retained by such deponent or witness and may only be disclosed so long as such deponent or witness signs the Agreement to Access Protected Information attached hereto as Exhibit A. Counsel providing Confidential Information to a person under this subparagraph 15(d) shall do so only in good faith. If a producing Party believes that counsel has provided Confidential Information under this subparagraph 15(d) in bad faith, such Party may file a motion with the court seeking appropriate relief;

    e.    the court and court personnel, including, without limitation, court reporters in open court and jurors/alternates (on terms the court may direct to preserve confidentiality);

    f.    any representative of any insurer of a Party, indemnitor of a Party, or indemnitee of a Party for purposes of making decisions regarding coverage or settlement of claims asserted in this litigation but only after such person signs the Agreement to Access Protected Information attached hereto as Exhibit A; and,

    g.    any other person as to whom counsel for the Party or other person that produced or provided the Confidential Information agrees in writing or whom the court directs shall have access to such Confidential Information.

16.    Highly Confidential Information – Attorneys' Eyes Only may only be disclosed to the following specifically identified persons:

    a.    Outside counsel of record in this action, including their associated attorneys, paralegals, clerical staff, and other personnel at their law firms working under the supervision of the foregoing counsel;

    b.    retained independent experts not employed by the Party whose expertise and training is required by the counsel to a Party to assist in this litigation and employees of such retained independent experts and only after such person(s) signs the Agreement to Access Protected Information attached hereto as Exhibit A;



    c.  the court and court personnel, including, without limitation, court reporters in open court and jurors/alternates (on terms the court may direct to preserve confidentiality);

    d.  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Access Protected Information attached hereto as Exhibit A; any other person as to whom counsel for the Party or other person that produced or provided the Highly Confidential Information – Attorneys' Eyes Only agrees in writing or whom the court directs shall have access to such Highly Confidential Information – Attorneys' Eyes Only.

  17. The Parties agree that if it is determined or learned that there has been an unauthorized disclosure of Confidential or Highly Confidential Information – Attorneys' Eyes Only, the Party who so learns shall immediately inform the other Party in writing of such unauthorized disclosure, including to whom the material was disclosed, and the Party who made the unauthorized disclosure shall take all necessary steps to retrieve as soon as possible each and every copy of all such Confidential or Highly Confidential Information – Attorneys' Eyes Only from the unauthorized person and any person to whom the unauthorized person disclosed such Information. Each recipient of any Confidential or Highly Confidential Information – Attorneys' Eyes Only produced in this litigation hereby agrees to be subject to the jurisdiction of the court for the purposes of the implementation and enforcement of this Stipulation.

  18. The Parties agree that if it is determined or learned that information or documents that may be considered protected discovery has or have been inadvertently produced or disclosed without marking or labeling them Confidential or Highly Confidential – Attorneys' Eyes Only, the producing Party may, within thirty (30) days after determining or learning of the inadvertent disclosure or production, declare that the produced information or documents shall be considered protected discovery by notifying the designated counsel of all Parties in writing of the inadvertent failure to mark or label the documents or information as protected discovery and shall reproduce the documents or information with the proper mark or label of Confidential or Highly Confidential– Attorneys' Eyes Only. In the event that the information or documents are



declared to be protected discovery after such information or documents have been produced, the Parties agree to take all reasonable steps to protect that information or documents in accordance with this Stipulation, including seeking the return of the protected discovery and/or requiring the execution of a Confidentiality Agreement as appropriate. Within (30) days of the execution of this Stipulation, the Parties may designate any document produced before the date of this Stipulation in accordance with this paragraph.

19. If a Party obtains documents in this litigation independent from production by a Party to this litigation (e.g., documents received by way of subpoena issued to a non-party), upon receipt of said documents, any Party may request and direct that all Parties mark all copies of such documents as Confidential or Highly Confidential– Attorneys' Eyes Only. In the event that a Party receives documents in this litigation from a non-party and shares them with experts prior to a request for designation and then subsequently another Party requests that the documents be marked as Confidential or Highly Confidential– Attorneys' Eyes Only, the Party who previously shared the documents shall then inform the experts of this Stipulation and have the experts agree in writing to be subject to the provisions of this Stipulation.

20. This Stipulation shall not be deemed a waiver of:

    a. any Party's right to object to any discovery requests on any grounds;

    b. any Party's right to seek an order compelling discovery with respect to any discovery request;

    c. any Party's right in any proceeding in this litigation to object to the admission of any evidence on any ground;

    d. any Party's right to use and disclose its own documents and its own Confidential and Highly Confidential Information – Attorneys' Eyes Only in its sole and complete discretion;

    e. the status of any information as a trade secret or other confidential information; or

    f. any Party's right to seek the return of any privileged or protected material inadvertently produced.



21. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential or Highly Confidential Information – Attorneys' Eyes Only received from another Party, it will give sufficient notice to allow the Designating Party a reasonable opportunity to intervene to oppose such production.

**V.    Challenging Confidential Designations**

22. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable avoidable burdens, or a later-occurring foreseeable significant disruption or delay of the litigation, a challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

23. A challenging Party may make a challenge only in good faith and after conferring in good faith with the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to consider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation.

24. If an agreement is not reached after meeting and conferring, the challenging Party may file a notice with the court, stating that an impasse has been reached concerning confidentiality designations under this Order. If the Designating Party persists in its designations, the Designating Party may file a motion within (10) days after the notice is filed, seeking a declaration that confidentiality designations are valid. Such a motion may not assert a basis for a confidentiality designation on any ground that was not substantively discussed in the meet and confer process. The motion must specifically identify the designated material for which the Designating Party wishes to maintain the confidentiality designations and set forth the basis for each designation. The Designating Party will have the burden of persuasion in any challenge. If such a motion is filed, then until the court rules on the motion, all Parties must continue to treat the material in question with the level of protection for which it was designated.

/ / /

## VI. Final Disposition

25. This Stipulation shall be valid throughout the course of this litigation (defined to include all proceedings herein, appeals, and/or remands) and shall survive the termination of this litigation. Within sixty (60) days of the final termination of this litigation, all documents and copies of documents (including any copies created by optical scanning) produced by the Parties or by nonparties designated as containing Confidential or Highly Confidential Information – Attorneys' Eyes Only shall be returned to the Designating Party or destroyed (including by the Clerk of the Court), except that outside counsel for the Parties may keep pleadings and work product as maintained in the ordinary course of business. If destroyed pursuant to this provision, the person or persons who destroy such Confidential or Highly Confidential Information – Attorneys' Eyes Only shall provide written certification to the Designating Party that such information has been properly destroyed. The terms of this Stipulation shall survive and remain in full force after the termination of this lawsuit and the Parties hereto agree that the court shall have jurisdiction over the Parties, their attorneys, and all persons to whom Confidential or Highly Confidential Information – Attorneys' Eyes Only has been disclosed for the purpose of enforcing the terms of this Stipulation and/or redressing any violation thereof.

26. The terms of this Stipulation may be applied to the documents, information and things received from any person who is not a Party to this litigation at the election of such person.

## VII. Inadvertent Disclosure of Privileged Information Safe Harbor Provisions

27. If any Party determines that a document or information is subject to the attorney-client privilege, the work-product doctrine, or otherwise protected from discovery and was inadvertently disclosed, the producing Party may request that all receiving Parties return said materials. Except in the event that the requesting Party disputes the claim of privilege, the document or information shall not be further reviewed and promptly returned to the producing Party, or destroyed, at that Party's option. If the claim is disputed, a single copy of the materials may be retained by the disputing Party for the exclusive purpose of seeking judicial



determination of the matter. The disputing Party must specifically state that the claim is being disputed and that a copy of the document has been retained for that purpose.

| | |
|---|---|
| DICKINSON WRIGHT PLLC<br><br>/s/ Michael N. Feder<br>_____<br>MICHAEL N. FEDER (NV Bar No. 7332)<br>Email: mfeder@dickinson-wright.com<br>8363 West Sunset Road, Suite 200<br>Las Vegas, Nevada 89113-2210<br><br>**VENABLE LLP**<br>Daniel S. Silverman (*Pro Hac Vice*)<br>Email: dssilverman@venable.com<br>2049 Century Park East, Suite 2300<br>Los Angeles, California 90067<br>Tel: (310) 229-0373<br>Fax: (310) 229-9901<br><br>**VENABLE LLP**<br>Meaghan H. Kent (*Pro Hac Vice*)<br>600 Massachusetts Avenue., NW<br>Washington, D.C. 20001<br>Tel: (202) 344-4000<br>Fax: (202) 344-8300<br><br>*Attorneys for Plaintiff T.R.P. Company, Inc.* | BROWNSTEIN HYATT FARBER SCHRECK, LLP<br><br>/s/ Michael D. Rounds<br>_____<br>Michael D. Rounds (NV Bar No. 4734)<br>Ryan Cudnik (NV Bar No. 12948)<br>5371 Kietzke Lane<br>Reno, NV 89511<br>Telephone: (775) 324-4100<br>Facsimile: (775) 333-8171<br>Email: mrounds@bhfs.com<br>          rcudnik@bhfs.com<br><br>Emily Ellis (NV Bar No. 11956)<br>100 North City Parkway<br>Las Vegas, Nevada 89106-4614<br>Telephone: (702) 382-2101<br>Facsimile: (702) 382-8135<br>Email: eellis@bhfs.com<br><br>CROWELL & MORING LLP<br>Michelle Gillette (*Pro Hac Vice*)<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 986-2800<br>Facsimile: (415) 986-2827<br>Email: mgillette@crowell.com<br><br>CROWELL & MORING LLP<br>Christopher Cole (*Pro Hac Vice*)<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 628-5116<br>Email: ccole@crowell.com<br><br>*Counsel for Defendants SIMILASAN CORPORATION AND SIMILASAN AG* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 11, 2018



# EXHIBIT A

## **AGREEMENT FOR ACCESS TO PROTECTED INFORMATION**

I, _____ , am employed by _____ , and seek access to Confidential Information protected by the *STIPULATED PROTECTIVE ORDER* ("Stipulation") and agree and stipulate as follows:

    1.    I have read a copy of the Stipulation, and I will comply in all respects with all terms and conditions of that Stipulation in handling any Confidential or Highly Confidential Information – Attorneys' Eyes Only filed or produced in connection with the litigation.

    2.    I will not disclose any Confidential or Highly Confidential Information – Attorneys' Eyes Only to any individual other than those individuals admitted under the Stipulation or the producing Party.

    3.    I acknowledge that any violation of the terms of the Stipulation may result in the imposition of such sanctions as the court deems appropriate, including but not limited to referral of the violation to appropriate disciplinary bodies or professional associations. I further acknowledge that a party whose Confidential or Highly Confidential Information – Attorneys' Eyes Only is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract. I consent to the jurisdiction of the court (United States District Court for the District of Nevada) for the enforcement of such Stipulation.

    4.    By my signature, I certify under penalty of perjury that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____
Signature

_____
Printed/Typed Name and Title

_____
Date Executed

_____
Mailing Address

_____
Email Address

